IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT LOUISVILLE)

JOHN A. HAYDEN                                                          PLAINTIFF
144 Blake Way
Lebanon, Kentucky 40033

                                                                3:17-CV-371-DJH

v.

MERCHANTS & MEDICAL CREDIT CORP.                                        DEFENDANTS
6324 Taylor Drive
Flint, Michigan 48507

       SERVE:    David E. Cairnduff
                      6324 Taylor Drive
                      Flint, Michigan 48507
                      (BY KENTUCKY SECRETARY OF STATE)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

       SERVE:    CSC-Lawyers Incorporating Service Co.
                      421 W. Main St.
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

       SERVE:    The Prentice Hall Corporation System
                      421 W. Main Street
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

   SERVE:  CT Corporation System
         306 W. Main Street, Suite 512
         Frankfort, Kentucky 40601
         (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, John A. Hayden, and for his Verified Complaint against the Defendants, Merchants & Medical Credit Corp. ("Merchants"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian") states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendants' false credit reporting and Defendants' failure to investigate Plaintiff's disputes regarding false and derogatory Merchants tradelines on Plaintiff's credit reports.

### II. PARTIES

2. Plaintiff, John A. Hayden, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 144 Blake Way, Lebanon, Kentucky 40033.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Merchants, is a corporation organized under the laws of the State of Michigan and doing business in the Commonwealth of Kentucky with its principal place of business located at 6324 Taylor Drive, Flint, Michigan 48507.

5. Merchants is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

7. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9. Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

10. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

13. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

15. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Marion County, Kentucky as a result of the Defendants doing business in Marion County, Kentucky.

### IV. FACTUAL BACKGROUND

16. In or around April 2017, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed his Equifax, Trans Union and Experian credit reports and discovered numerous false and derogatory tradelines furnished by Merchants regarding alleged medical collections accounts.

17. Immediately upon his discovery of the reporting of the collections accounts, Plaintiff disputed the Merchants tradelines with Equifax, Trans Union and Experian. Specifically, Plaintiff disputed the following accounts, stating in his disputes that the subject accounts do not belong to him:

- Account No. ***3813 in the amount of $92.00;
- Account No. ***3815 in the amount of $3,000.00;
- Account No. ***3811 in the amount of $601.00;
- Account No. ***0479 in the amount of $333.00;
- Account No. ***0482 in the amount of $321.00;
- Account No. ***0483 in the amount of $1,173.00;

- Account No. ***0478 in the amount of $467.00;

- Account No. ***3812 in the amount of $738.00;

- Account No. ***3816 in the amount of $1,000.00;

- Account No. ***3814 in the amount of $9,967.00;

- Account No. ***0481 in the amount of $306.00;

- Account No. ***0480 in the amount of $1,117.00; and

- Account No. ***0484 in the amount of $294.00.

18. Upon information and belief, Equifax, Trans Union, and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Merchants of the disputes at or within five (5) days of their receiving notice of the disputes from Plaintiff.

19. In May 2017, Plaintiff received Equifax's, Trans Union's and Experian's dispute results. Despite Plaintiff's lawful requests for removal of the Merchants' tradelines, Merchants, Equifax, and Experian refused to delete any of the tradelines from Plaintiff's credit reports. Trans Union deleted all the tradelines from Plaintiff's Trans Union credit report except Account No. ***3811 in the amount of $601.00.

20. The Defendants' false credit reporting and their failure to investigate Plaintiff's disputes have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit.

## V. CLAIMS

### Negligence – Merchants

21. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22. Merchant's failure to investigate Plaintiff's disputes and its false reporting to

Equifax, Trans Union and Experian regarding the alleged past due accounts were negligent under applicable law.

23. In failing to investigate Plaintiff's disputes and in falsely reporting the alleged past due accounts, Merchants breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

24. Merchants' failure to investigate Plaintiff's disputes and its false reporting regarding the alleged past due accounts has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

25. Merchants' failure to investigate Plaintiff's disputes and its false reporting regarding the alleged past due accounts was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

26. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. Equifax's failure to properly investigate Plaintiff's disputes and its consequent failure to remove the Merchants tradelines from Plaintiff's Equifax credit report, despite Plaintiff's lawful notice to Equifax disputing the tradelines, was negligent.

28. In failing to properly investigate Plaintiff's disputes of the Merchants tradelines, Equifax breached its duty to Plaintiff to thoroughly investigate all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

29. Equifax's negligent failure to properly investigate Plaintiff's dispute of the

Merchants tradelines and its consequent failure to remove the tradelines from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

30. Equifax's failure to properly investigate Plaintiff's dispute of the Merchants tradelines and its consequent failure to remove the tradelines from Plaintiff's credit report, despite Plaintiff's lawful disputes to Equifax, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

31. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. Trans Union's failure to properly investigate Plaintiff's disputes and its consequent failure to remove the Merchants tradeline from Plaintiff's Trans Union credit report, despite Plaintiff's lawful notice to Trans Union disputing the tradeline, was negligent.

33. In failing to properly investigate Plaintiff's disputes of the Merchants tradelines, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

34. Trans Union's negligent failure to properly investigate Plaintiff's disputes of the Merchants tradelines and its consequent failure to remove the tradeline from Plaintiff's Trans Union credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

35. Trans Union's failure to properly investigate Plaintiff's dispute of the Merchants

7

tradelines and its consequent failure to remove the tradeline from Plaintiff's credit report, despite Plaintiff's lawful dispute to Trans Union, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

36. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. Experian's failure to properly investigate Plaintiff's disputes and its consequent failure to remove the Merchants tradelines from Plaintiff's Experian credit report, despite Plaintiff's lawful notice to Experian disputing the tradelines, was negligent.

38. In failing to properly investigate Plaintiff's dispute of the Merchants tradelines, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

39. Experian's negligent failure to properly investigate Plaintiff's dispute of the Merchants tradelines and its consequent failure to remove the tradelines from Plaintiff's Experian credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

40. Experian's failure to properly investigate Plaintiff's dispute of the Merchants tradelines and its consequent failure to remove the tradelines from Plaintiff's credit report, despite Plaintiff's lawful dispute to Experian, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Merchants

41. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1

through 40 as if fully set forth herein.

42. Merchants, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Trans Union and Experian and other currently unknown individuals and/or entities who have accessed Plaintiff's credit reports, that Plaintiff has past due accounts with Merchants.

43. Merchants' statements were false and were made with conscious disregard for the rights of the Plaintiff.

44. Merchants' publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Merchants accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

45. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 44 as if fully set forth herein.

46. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Merchants and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has past due accounts with Merchants.

47. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

48. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Merchants accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages

therefor.

## Defamation – Trans Union

49. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.

50. Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Merchants and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has past due accounts with Merchants.

51. Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

52. Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Merchants accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Defamation – Experian

53. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 52 as if fully set forth herein.

54. Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Merchants and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has past due accounts with Merchants.

55. Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

56. Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Merchants accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Merchants

57. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 56 as if fully set forth herein.

58. Merchants' failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged past due Merchants accounts are violations of Merchants' duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

59. Merchants' violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Merchants is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

60. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 59 as if fully set forth herein.

61. Equifax's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

62. Equifax's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding

investigation of disputed items under 15 U.S.C. §1681i.

63. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Trans Union**

64. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 63 as if fully set forth herein.

65. Trans Union's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiffs' credit report are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

66. Trans Union's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's disputes are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

67. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Experian**

68. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 67 as if fully set forth herein.

69. Experian's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiffs' credit report are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and

Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

70. Experian's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's disputes are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

71. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

## Willful Violation of the Fair Credit Reporting Act – Merchants

72. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 71 as if fully set forth herein.

73. Merchants' failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged past due Merchants accounts, despite Merchants' knowledge of the falsity of its reporting, are willful violations of Merchants' duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

74. Given Merchants' knowledge of the falsity of its reporting, Merchants' violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Merchants is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

## Willful Violation of the Fair Credit Reporting Act – Equifax

75. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 74 as if fully set forth herein.

76. Equifax's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

77. Equifax's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

78. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Trans Union**

79. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 78 as if fully set forth herein.

80. Trans Union's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

81. Trans Union's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's disputes are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

82. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

83. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 82 as if fully set forth herein.

84. Experian's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

85. Experian's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's disputes are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

86. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, John A. Hayden, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For his attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

        Respectfully submitted,

        */s/Sam B. Carl*
        Sam B. Carl
        CREDITLAW, P.S.C.
        616 S. Fifth St.
        Louisville, KY  40202
        (502)
        sambcarl@gmail.com
        *Co-Counsel for Plaintiff*


        */s/David W. Hemminger*
        David W. Hemminger
        CREDITLAW, P.S.C.
        616 S. Fifth St.
        Louisville, KY  40202
        (502)
        hemmingerlawoffice@gmail.com
        *Co-Counsel for Plaintiff*

## VERIFICATION

I, John A. Hayden, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

*John A. Hayden* (signed)
John A. Hayden

COMMONWEALTH OF KENTUCKY ) 
) SS
COUNTY OF MARION )

Subscribed, sworn to and acknowledged before me by John A. Hayden this 13th day of June, 2017.

*(signed)*
Notary Public

Notary Public, State at Large, KY
My Commission Expires Mar. 28, 2018

Commission expires: March 28, 2018

17